**UNITED STATES of America,**
**Plaintiff-Appellee**

v.

**Victor LUNA-USCANGA,**
**Defendant-Appellant**

**No. 16-11809**
**Summary Calendar**

United States Court of Appeals, Fifth Circuit.

Filed December 27, 2017

Anderson Hatfield, James Wesley Hendrix, Assistant U.S. Attorney, U.S. Attorney's Office, Northern District of Texas, Dallas, TX, for Plaintiff-Appellee

Efrain Sain, The Law Office of Efrain Sain, P.L.L.C., Dallas, TX, for Defendant-Appellant

Before BENAVIDES, SOUTHWICK, and COSTA, Circuit Judges.

PER CURIAM: *

Victor Luna-Uscanga appeals the 127-month sentence imposed following his guilty plea conviction for conspiracy to distribute five kilograms or more of cocaine. He argues that the district court erred in applying a firearm enhancement pursuant to U.S.S.G. § 2D1.1(b)(1) because neither he nor his codefendant possessed the firearm in question. We review the district court's interpretation of the Sentencing Guidelines de novo and its factual findings for clear error. *United States v. Trujillo*, 502 F.3d 353, 356 (5th Cir. 2007).

Although nothing in the record links the firearm to any particular conspirator, "the evidence makes it plausible that a 'weapon was present' and that one of the conspirators possessed it." *United States v. Rodriguez-Guerrero*, 805 F.3d 192, 196 (5th Cir. 2015) (quoting § 2D1.1(b)(1), comment. (n.11(A))). As there was enough evidence to support that the weapon must have been possessed by one of the conspirators in furtherance of the conspiracy, the district court did not err in its factual findings or legal conclusions underlying the firearm enhancement. *See id.*

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.